UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stephen Bain,                    :
        Plaintiff,              :
                                 :
    v.                          :    File No. 1:06-CV-168
                                 :
Robert Hofmann, Prison           :
Health Services, Inc.,           :
Vermont Department of            :
Corrections,                     :
        Defendants.             :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 19, 20, 24, 26 and 30)

Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se*, brings this action claiming inadequate medical care.  Specifically, Bain alleges that prison medical personnel have denied him appropriate medication with respect to his chronic spinal and brain injuries.  Currently pending before the Court are a series of motions, including Bain's motions to amend the complaint, to compel discovery, and to join Corrections Corporation of America as a defendant.

Also pending before the Court is defendant Prison Health Services, Inc.'s ("PHS") motion to dismiss.  PHS submits that it only treats prisoners in Vermont, and that because Bain is seeking only injunctive relief, his out-of-state transfer renders his claims against it

moot.   For the reasons set forth below, Bain's motion to
amend and for joinder are GRANTED.   His remaining
motions are DENIED.   As to PHS's motion to dismiss, I
recommend that the motion be GRANTED but that dismissal
be without prejudice.

Factual Background

Bain commenced this action in September, 2006,
complaining that prison health care providers were not
providing him with meaningful treatment for chronic
injuries.   The complaint alleges that Bain was in a
series of car accidents between 1985 and 2002, and that
these accidents resulted in serious head trauma and
spinal injuries.   In June, 2006, he was seen by a
physician at the Spine Center at Dartmouth-Hitchcock
Medical Center who recommended that Bain receive a low
to moderate dose of methadone for his pain.   If
methadone could not be provided in the prison setting,
the doctor recommended "a medication such as MS Contin."
(Paper 7 at 4).

At the time of his complaint, Bain alleged that
prison health officials had denied him the recommended
medications.   In a more recent filing, Bain reports that

officials in Vermont had begun giving him at least
partial doses of the prescribed medications, but that he
has now been transferred out of state.  Since his
transfer, the medications are no longer being provided.

Bain now moves to amend his complaint to "join"
Corrections Corporation of America, the private company
with which Vermont contracts to house out-of-state
inmates, as a defendant.  Bain further claims that
prison officials have harassed him, denied him his legal
materials, and limited his exercise.  With respect to
these latter claims, Bain seeks a protective order.
Bain has also filed motions pertaining to discovery and
for a default judgment.

Also pending before the Court is a motion to
dismiss by defendant PHS.  As alleged in Bain's first
amended complaint (Paper 7), the Vermont Department of
Corrections contracts with PHS for the provision of
medical care to Vermont inmates.   In its motion to
dismiss, PHS notes that Bain has requested only
injunctive relief, and argues that because it does not
serve out-of-state inmates, it cannot grant Bain his
requested relief.  PHS seeks dismissal with prejudice.

Discussion

I. <u>Motion to Dismiss</u>

For a federal court to retain jurisdiction over a case, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." <u>Prins v. Coughlin</u>, 76 F.3d 504, 506 (2d Cir. 1996) (citing <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402 (1975)). A case is deemed moot where the problem sought to be remedied has ceased, or where there "is no reasonable expectation that the wrong will be repeated." <u>Id.</u>  In general, a transfer from a prison facility will moot an action for injunctive relief against the transferring facility and related providers because the inmate is no longer incarcerated there. <u>Id.</u>; <u>Young v. Coughlin</u>, 866 F.2d 567, 568 n.1 (2d Cir. 1989). While a prisoner may argue that he is likely to be transferred back to the facility in the future, mere speculation as to a future transfer will not suffice. <u>See</u> <u>Klos v. Haskell</u>, 835 F. Supp. 710, 716-17 (W.D.N.Y. 1993) (citing <u>Martin v. Davies</u>, 917 F.2d 336, 339 (7th Cir. 1990)).

Here, Bain seeks only injunctive relief. Accordingly, PHS argues that his transfer out of Vermont

4

moots his claims against it.   In response to this argument, Bain submits that he will be back in Vermont to appear in state court "before long," and that "[i]n any event [he] should be returning to Vermont, in less then a, (one)(1) year."  (Paper 27-1 at 5).  Bain also requests that if the Court does not rule in his favor on the motion to dismiss, dismissal of PHS be without prejudice.

Given that Bain has offered only his personal opinion about a likely transfer back to Vermont, the Court should find that his argument on this point is speculative.   Consequently, the claims for injunctive relief against PHS are moot, and should be dismissed. Nonetheless, Bain may indeed be returned to Vermont, and may again wish to include PHS as a party to this lawsuit.   I therefore recommend that the Court GRANT the motion to dismiss, but that the dismissal be without prejudice.

II.   <u>Motion for Protective Order</u>

On February 9, 2007, Bain moved the Court for a protective order (Paper 19).  He filed an identical motion on April 19, 2007 (Paper 30).  His motions claim

that prison personnel have interfered with his legal work by, among other things, denying him access to his papers.  For relief, he asks the Court to restrain defendant Hofmann, "his agency and/or agents from interfering with his legal papers and/or legal work, and him possessing legal product and/or papers in his cell, and/or his legal papers and/or legal work product stored in a filing a cabinet, and that he [have] access to the contents of said filing cabinet."  (Paper 19 at 1). Bain further requests that all mail be delivered to him in a timely manner; that the defendants be ordered not to harass him; that his extra bedding be returned to him; and that he be allowed to exercise seven days a week.  Id. at 2.

In order to obtain an order for preliminary injunctive relief, Bain must show (1) irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the claim as to make it fair ground for litigation, and a balance of hardships tipping decidedly in its favor.  MONY Group, Inc. v. Highfields Capital Mgmt., L.P., 368 F.3d 138, 143 (2d Cir. 2004).  In

prisoner cases, the Prison Litigation Reform Act limits the relief available to remedies that are "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).

The claims set forth in Bain's motion are not claims that were presented in either his initial or his amended complaints.  See Chavis v. Ryan, 2007 WL 446440, at *1 (N.D.N.Y. Feb. 7, 2007) ("the relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint"). Moreover, his claims appear to be aimed at persons who work at a private correctional facility in Oklahoma. None of those people are currently parties to this case. Even if the Court were to liberally construe his motion for protective order as part of his motion to amend the complaint, it is not clear that the Court would have personal jurisdiction over the persons responsible for the alleged conduct, most of whom presumably live and work in Oklahoma.

Furthermore, Bain has not shown either a likelihood of success or irreparable harm.  Indeed, his motion does nothing to address his underlying claims of inadequate medical care.  Accordingly, I find that Bain has not met the standard for obtaining preliminary injunctive relief, and recommend that his motion for a protective order be DENIED.

III.   Motions to Amend and Join Party

Bain's motion for a protective order also includes, in the same document, a request for leave to amend his complaint and a motion to "join" his current jailer, Corrections Corporation of America ("CCA"), as a party.  Although it is not clear that this motion was served upon the defendants, the standard for granting leave to amend is quite lenient.  See Fed. R. Civ. P. 15(a).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be

'freely given.'" <u>Foman v. Davis</u>, 371 U.S. 178, 182
(1962) (quoting Rule 15(a)).  Moreover, if a plaintiff
is proceeding *pro se,* as Bain is here, leave to amend
should be freely granted.  <u>Frazier v. Coughlin</u>, 850 F.2d
129, 130 (2d Cir. 1988) (*pro se* should be freely
afforded opportunity to amend).

Bain appears to be adding claims of harassment,
retaliation and mistreatment to his original claims of
inadequate medical care.  These claims are not clearly
frivolous, and are being brought before the commencement
of formal discovery.  In the absence of any evidence of
either bad faith or undue prejudice, the motions to
amend and to "join" CCA as a party are GRANTED.  Within
30 days of the date of this Report and Recommendation,
Bain shall file a second amended complaint that includes
all claims and parties he wishes to bring before the
Court.  This second amended complaint will supersede and
replace *in toto* Bain's first amended complaint.  <u>See</u>
<u>Dluhos v. Floating & Abandoned Vessel</u>, 162 F.3d 63, 68
(2d Cir. 1998) ("[I]t is well established that an
amended complaint ordinarily supersedes the original,
and renders it of no legal effect.") (citing <u>Shields v.</u>

<u>Citytrust Bancorp, Inc.</u>, 25 F.3d 1124, 1128 (2d Cir.
1994)).

IV.  <u>Motion for Discovery</u>

Bain has also filed a motion requesting discovery
(Paper 20), and a motion to compel (Paper 26).
Discovery requests should be submitted to the opposing
party, not the Court.  The Court only requires that a
party file a certificate of service demonstrating that
discovery was, in fact, served upon the opposing party.
<u>See</u> Local Rule 26.1(f).

In a motion to compel, the moving party must
submit an affidavit stating that he has tried in good
faith to resolve a discovery dispute without the Court's
intervention.  The affidavit must also cite any
unresolved issues and "the reasons therefore," and set
forth the dates and other information detailing contacts
between the parties on these issues.  <u>See</u> Local Rule
26.1(d).  Bain's motion to compel states only that he
"has made a good faith effort to obtain discoverable
information" from the defendants' attorney, and that he
has had "virtually no correspondence" with opposing
counsel.  (Paper 26 at 1).  These statements do not

10

comply with the requirements of the Local Rules.  Bain's
motions for discovery (Paper 20) and to compel discovery
(Paper 26) are, therefore, DENIED.

V.   Motion for Default Judgment

        Finally, Bain has moved for a default judgment.
His motion claims that the defendants failed to file a
timely answer.  Defendant Robert Hofmann filed an answer
on January 17, 2007.  Bain does not currently contest
the timeliness of Hofmann's answer.  On February 9,
2007, the Court ordered the Vermont Department of
Corrections to file an answer within 10 days.  In accord
with Rule 5 of the Federal Rules of Civil Procedure,
this 10-day period did not include weekends or holidays.
The Department of Corrections filed an answer on
February 16, 2007, and an amended answer on February 20,
2007.  Each of these filings was timely, as was
defendant PHS's filing of its motion to dismiss on
February 20, 2007.  Bain's motion for default judgment
is, therefore, DENIED for lack of merit.

Conclusion

        For the reasons set forth above, Bain's motions to
amend and for joinder (Papers 19 and 30) are GRANTED.

11

Bain's request for discovery (Paper 20), motion to compel and motion for default judgment (Paper 26) are DENIED.  Further, I recommend that PHS's motion to dismiss (Paper 24) be GRANTED, and Bain's motion for a protective order (Papers 19 and 30) be DENIED. Dismissal of PHS should be without prejudice.  Bain may file an amended complaint, as set forth above, within 30 days of the date of this Report and Recommendation.

        Dated at Burlington, in the District of Vermont, this 10th day of May, 2007.

                                /s/ Jerome J. Niedermeier
                                Jerome J. Niedermeier
                                United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).